## ASA CARTER *vs.* GEORGE W. ALLEN.

*Collector of taxes—liability of.*

A collector of taxes who, after selling a distress, fails to restore the balance to the former owner, after deducting the unpaid taxes and legal expenses of sale, is a trespasser *ab initio.*

Thus, where a collector of taxes for three successive years applied a portion of the proceeds of a distress sold according to law to a tax of the second year already paid, and another portion to illegal charges, and made a written account thereof accordingly, which, with the balance as therein appearing, he tendered to the owner, *Held,* that the collector was a trespasser *ab initio.*

ON REPORT.

TRESPASS for taking a colt from the plaintiff.

The defendant justified as collector of taxes of the town of Surry.

It appeared that the defendant was collector of Surry for the years 1865, 1866, and 1867 ; that he seized the colt for the plaintiff's taxes for those years; that his proceedings in taking, advertising, and selling the distress were regular.

It was contended that the collector did not comply with the requirements of R. S. c. 6, § 105, by " restoring the balance to the former owner ; with a written account of the sale and charges."

It appeared that he did furnish a written statement and tendered to the plaintiff the surplus according to the statement; that the statement was incorrect, in that it contained items of charges which were illegal, and of the tax of 1866 which had been previously paid by sale of real estate.

If the action could be maintained, the defendant was to be defaulted and damages assessed by the court at *nisi prius.*

*A. Wiswell,* for the plaintiff.

*E. Hale & L. A. Emery,* for the defendant.

The purpose of the " written account " required by the statute, is to inform the owner of the result of the sale and of the disposition

of the proceeds, whereby he learns what taxes and charges the proceeds are applied to, so that if any are illegal and the proceeds have been wrongly applied, the owner may demand and recover them back.

In this case the statute was substantially complied with, the account being full and circumstantial. The account was true; no falsehood or fraud can be imputed.

If trespass is maintainable, then the plaintiff will recover the full value of the distress, and will have paid his taxes for 1865 and 1867, at the collector's expense.

By assumpsit the money applied to taxes already paid and illegal charges could be recovered back and leave that property applied undisturbed.

WALTON, J. It was held in the celebrated case of *The Six Carpenters*, 8 Coke, 146, and in a large number of cases since, that if a man abuses an authority given him by the law, he becomes a trespasser *ab initio*.

The rule is founded in public policy. It was observed that persons clothed with official power were exceedingly apt to become careless and oppressive in the use of it. To counteract this tendency they are required to act at their peril. If they do not exceed their authority, nor in any way abuse it, the law protects them; if they do, then their protection is gone. Security against official carelessness and oppression is the reason of the rule; and this protection being as necessary now as at any former time, there ought to be no relaxation of the rule.

Assuming that in this case the defendant, as collector of taxes, had a right to seize and sell the plaintiff's property to pay the taxes that were then due and unpaid; it was clearly his duty, after deducting the tax and expense of sale, to restore the balance to the plaintiff. R. S. c. 6, § 105. This he did not do. On the contrary, he applied a portion of the money to pay a tax that had already been paid; and another portion of it to pay charges which he had no right to make. This is admitted. We cannot doubt

that such a misappropriation of the proceeds of the sale was, in contemplation of law, such an abuse of his authority as made him a trespasser *ab initio*.

The statute, above cited, provides that the officer, after deducting the tax and expense of sale, shall restore the balance to the former owner, with a written account of the sale and charges. It was held in *Blanchard* v. *Dow*, 32 Maine, 557, that a failure to deliver the written account made the collector a trespasser *ab initio*. Can a failure to deliver the balance of the money actually due have a less effect? The statute, in the same sentence, requires both the money and the account to be delivered. If a failure to deliver the one makes the officer a trespasser *ab initio*, how can a failure to deliver the other have a less effect? Is not the money quite as important to the former owner as the written account; and if a failure to deliver the latter makes the officer a trespasser *ab initio*, *a fortiori*, will not a neglect to deliver the former have the same effect? We cannot doubt that it will.

> *Defendant to be defaulted.*
>
> *Damayes to be assessed by the court at nisi prius.*

Appleton, C. J.; Cutting, Kent, Dickerson, and Danforth, JJ., concurred.